| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | | **EASTERN DISTRICT OF TEXAS** |

| | | |
|---|---|---|
| YVONNE FRANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:24-CV-208 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, TANYA VEGA, | § | |
| KEVIN WILKES, and JULIE PENA, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Yvonne Frank's ("Frank") Amended Motion to Remand (#5), wherein Frank requests that the court remand this action to the 172nd District Court of Jefferson County, Texas. Defendant Allstate Vehicle and Property Insurance ("Allstate") filed a response in opposition (#9). Frank filed a reply (#10). Having considered the pending motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that the motion should be granted.

I.  Background

On May 6, 2024, Frank filed her original petition in the 172nd Judicial District Court of Jefferson County, Texas, asserting claims for breach of contract, breach of the duty of good faith and fair dealing, and noncompliance with the Texas Insurance Code. It is undisputed that Frank is a citizen and resident of the State of Texas. Defendant Allstate is an Illinois corporation, with its principal place of business in the State of Illinois. Co-defendants Tanya Vega ("Vega"), Kevin Wilkes ("Wilkes"), and Julie Pena ("Pena") are citizens and residents of the State of Texas.

On June 4, 2024, Allstate removed the case to this court on the basis of diversity of citizenship, alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Allstate asserts that because Vega, Wilkes, and Pena were improperly served, 28 U.S.C. § 1441(b)(2) permits removal.  On June 18, 2024, Frank filed an amended motion to remand the case to state court, contending that this court does not have jurisdiction because the parties are not completely diverse.

II.   Analysis

A.   Removal Jurisdiction

"Federal courts are courts of limited jurisdiction."  *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Gunn v. Minton*, 568 U.S. 251, 256 (2013); *Cleartrac, L.L.C. v. Lanrick Contractors, L.L.C.*, 53 F.4th 361, 364 (5th Cir. 2022); *Williams v. Homeland Ins. Co. of N.Y.*, 18 F.4th 806, 816 (5th Cir. 2021); *Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019).  "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen*, 511 U.S. at 377; *accord Gonzalez*, 926 F.3d at 188.  The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Gonzalez*, 926 F.3d at 188 (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017).  In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c); *Carlsbad Tech., Inc. v. HIF Bio,*

2

*Inc.*, 556 U.S. 635, 638 (2009); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 231-32 (2007); *Atkins v. CB&I, L.L.C.*, 991 F.3d 667, 669 n.1 (5th Cir. 2021); *Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 468 (5th Cir. 2020).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)); *accord Mitchell v. Bailey*, 982 F.3d 937, 940 (5th Cir. 2020); *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018); *see* 13E CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed. 2013). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Leboeuf v. Hatle*, No. 20-105, 2020 WL 1074952, at *1 (E.D. La. Mar. 6, 2020) (citing *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008)); *accord Hernandez v. State Farm Lloyds*, No. DR-16-CV-164-AM/CW, 2017 WL 8131570, at *2 (W.D. Tex. Sept. 19, 2017); *Fort Worth & W. R.R. Co. v. Stevenson*, No. 3:15-CV-0906-B, 2015 WL 3867906, at *1 (N.D. Tex. June 22, 2015). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 395 (5th Cir. 2009).

"The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 307 (5th Cir. 2021); *Hoyt*

3

*v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019); *Allen*, 907 F.3d at 183. Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 301 (5th Cir. 2024) (citing *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007)); *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 889 (5th Cir. 2024); *Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020); *Settlement Funding, L.L.C.*, 851 F.3d at 536. In short, any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)); *accord Allen*, 907 F.3d at 183; *Afr. Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

B.     Diversity Jurisdiction

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332; *Home Depot U.S.A., Inc.*, 587 U.S. at 437-38; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). In order to determine whether jurisdiction exists in a removed action, the claims set forth in the state court petition are considered as of the date of filing and the date of removal. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 594 (2013); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004); *Palmquist*, 103 F.4th at 301 (citing *Cavallini v. State Farm Mut. Ins. Co.*, 44 F.3d 256,

4

264 (5th Cir. 1995)); *In re N&W Marine Towing, L.L.C.*, 90 F.4th 724, 731 (5th Cir. 2024) (quoting *Manguno*, 276 F.3d at 723); *Moss v. Princip*, 913 F.3d 508, 514 (5th Cir. 2019).  In removed cases where, as here, there is no federal question involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see Palmquist*, 103 F.4th at 308 (citing *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 336-37 (5th Cir. 2004)).

Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *Exxon Mobil Corp.*, 545 U.S. at 552; *Lewis*, 519 U.S. at 68; *Moss*, 913 F.3d at 514; *Vaillancourt v. PNC Bank Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014).  In cases removed from state court, "diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court."  *Ashford v. Aeroframe Servs., L.L.C.*, 907 F.3d 385, 386-87 (5th Cir. 2018) (quoting *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)); *see Grupo Dataflux*, 541 U.S. at 570-71; *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).  Here, Allstate has failed to establish complete diversity.  Frank, Vega, Wilkes, and Pena are all citizens of Texas. Because Frank shares the same citizenship as one or more defendants, this court does not have subject matter jurisdiction.

Moreover, Allstate's argument that removal is permitted under 28 U.S.C. § 1441(b)(2) improperly confuses the issue of snap removal with the requirement of complete diversity.  Section 1441(b)(2) provides that a civil action otherwise removable solely on the basis of diversity jurisdiction may not be removed if any party properly joined and served as a defendant is a citizen of the State in which such action is brought.  28 U.S.C. § 1441(b)(2).  The Fifth Circuit recently

interpreted § 1441(b)(2) to require a forum defendant to be both joined and served before the prohibition on removal applies. *Tex. Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020); *see In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022); *BKL Holdings, Inc. v. Globe Life Inc.*, No. 4:22-cv-00170, 2022 WL 2119116 (E.D. Tex. June 13, 2022). By recognizing "snap removal," the Fifth Circuit has authorized removal in cases involving a forum defendant where the notice of removal is filed before the forum defendant is properly served with process. *Tex. Brine Co., L.L.C.*, 955 F.3d at 485; *see In re Levy*, 52 F.4th at 246. Snap Removal does not, however, negate the requirement that the parties be completely diverse. *In re Levy*, 52 F.4th at 246. Therefore, snap removal is not available, nor is it implicated, where the plaintiff is also a citizen of the forum state. *Id.* (holding that the issue of snap removal is only implicated when there exists complete diversity).

As applied to the present case, Allstate's argument that snap removal is permissible due to Frank's inadequate service of process on Vega, Wilkes, and Pena must fail. The adequacy of Frank's service of process is inconsequential to resolving the issue of whether Allstate properly removed the case, as, under the circumstances, snap removal does not allow this court to ignore Co-defendants' citizenship. *In re Levy*, 52 F.4th at 246; *N.Y. Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998) (explaining "the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service"); *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687731, at *3 n.4 (E.D. Tex. Dec. 11, 2014) (citations omitted)). "A non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant." *Deshotel*, 142 F.3d at 883; *see Spill Textile Corp. v. Spilltech Envtl.*,

*Inc.*, 223 F. Supp. 2d 790, 793 (E.D. Tex. 2002); *Lauderdale v. Merck & Co.*, 219 F. Supp. 2d 747, 750 (N.D. Miss. 2002). Consequently, Vega, Wilkes, and Pena's nondiverse citizenship cannot be ignored.  Thus, in the absence of complete diversity, this court does not have subject matter jurisdiction over the present case.

III.    Conclusion

An evaluation of the relevant facts and controlling law reveals that this court lacks subject matter jurisdiction over Frank's action, as there is neither a federal question presented nor complete diversity of citizenship between the parties.  Therefore, this case was improvidently removed, and remand is warranted.  Consequently, Plaintiff's Motion to Remand (#5) is GRANTED and this action shall be remanded to the 172nd Judicial District Court of Jefferson County, Texas.

SIGNED at Beaumont, Texas, this 15th day of August, 2024.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE